1  Roger M. Townsend, WSBA #25525
   BRESKIN JOHNSON & TOWNSEND PLLC
2  1000 Second Avenue, Suite 3670
   Seattle, WA 98104
3  Tel: 206-652-8660
   Fax: 206-652-8290
   Email: rtownsend@bjtlegal.com
4
   [Additional counsel identified on signature page]
5

HONORABLE SALVADOR MENDOZA, JR.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>GIGA WATT, INC., GIGAGWATT PRE LTD., CRYPTONOMOS PTE. LTD., AND DAVE CARLSON,<br><br>　　　　　　　　Defendants. | No. 2:18-cv-00103-SMJ<br><br>**MOTION OF ALEX MCVICKER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>CLASS ACTION<br><br>NOTE FOR MOTION CALENDAR:<br>June 21, 2018 |

MOT. OF ALEX MCVICKER FOR
APPT. AS LEAD PLTF. AND
APPROVAL OF COUNSEL
No. 18-cv-00103-SMJ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**TABLE OF CONTENTS**

MOTION OF ALEX MCVICKER ........................................................................................1

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS........................................................................................................2

ARGUMENT ............................................................................................................................4

I.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF............................4

    A.    The Procedure Required by the PSLRA ....................................................................4

        1.    Movant Is Willing to Serve As Class Representative ..................................5

        2.    Movant Has the Requisite Financial Interest
            in the Relief Sought by the Class..................................................................5

    B.    Movant Satisfies the Requirements of Rule 23(a) of the
        Federal Rules of Civil Procedure................................................................................6

        1.    Movant's Claims Are Typical of the Claims of All the Class Members......7

        2.    Movant Will Adequately Represent the Class..............................................8

        3.    Movant's Choice of Counsel Should be Approved ......................................9

CONCLUSION .......................................................................................................................10

MOT. OF ALEX MCVICKER FOR
APPT. AS LEAD PLTF. AND
APPROVAL OF COUNSEL - i
No. 18-cv-00103-SMJ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
  No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501
  (N.D. Cal. Jan. 27, 2014) ..........................................................................................5

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ......................................................................................8

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982)..................................................................................................8

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..................................................................................7

*Haung v. Acterna Corp.*,
  220 F.R.D. 255 (D. Md. 2004)..................................................................................7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...........................................................................1, 6, 7

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992)......................................................................................8

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998)...................................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................7

*Schonfield v. Dendreon Corp.*,
  Nos. C07-800MJP; C07-869MJP; C07-870MJP; C07-898MJP,
  2007 WL 2916533 (W.D. Wash. Oct. 4, 2007) ...............................................7, 8, 9

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d 1129 (C.D. Cal. 1999) ......................................................................7

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984)......................................................................................8

**Statutes**

15 U.S.C. § 77l(a)(1), ........................................................................................................1

MOT. OF ALEX MCVICKER FOR
APPT. AS LEAD PLTF. AND
APPROVAL OF COUNSEL - ii
No. 18-cv-00103-SMJ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

15 U.S.C. § 77o(a) ................................................................................................................1

15 U.S.C. § 77z-1(a) .............................................................................................................4

15 U.S.C. § 77z-1(a)(3)(A) ................................................................................................4, 5

15 U.S.C. § 77z-1(a)(3)(A)(i)(II) ..........................................................................................4

15 U.S.C. § 77z-1(a)(3)(B) ....................................................................................... 1, 6, 8, 9

15 U.S.C. § 77z-1(a)(3)(B)(i) ................................................................................................4

15 U.S.C. § 77z-1(a)(3)(B)(ii) ...............................................................................................4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ......................................................................................4, 9

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) .........................................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ..................................................................................9

15 U.S.C. § 77z-1(a)(3)(B)(v) ...............................................................................................9

**Rules**

Fed. R. Civ. P. 23 ..........................................................................................................*passim*

Fed. R. Civ. P. 23(a) .........................................................................................................6, 7

Fed. R. Civ. P. 23(a)3 .......................................................................................................7, 8

Fed. R. Civ. P. 23(a)4 ............................................................................................................8

MOT. OF ALEX MCVICKER FOR
APPT. AS LEAD PLTF. AND
APPROVAL OF COUNSEL - iii
No. 18-cv-00103-SMJ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**MOTION OF ALEX MCVICKER**

Alex McVicker ("Movant") hereby moves this Court for an Order: (i) appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B); (ii) approving his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") and Silver Miller as Co-Lead Counsel and Breskin Johnson & Townsend PLLC ("Breskin Johnson & Townsend" as Liaison Counsel; and (iii) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant submits herewith the Declaration of Roger M. Townsend, dated May 22, 2018 (the "Townsend Decl.").

**PRELIMINARY STATEMENT**

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of all persons who invested or participated in Giga Watt Inc. and GigaWatt Pte. Ltd.'s (collectively, "Giga Watt") initial coin offering (the "Giga Watt ICO"), which ran from approximately May 19, 2017 through July 31, 2017 (the "Class Period"). The Action alleges violations of Sections 12(a)(1) and 15(a), 15 U.S.C. §§ 77l(a)(1), 77o(a), of the Securities Act of 1933 (the "Securities Act") stemming from the alleged sale of unregistered securities -- in the form of Giga Watt Tokens ("WTT Tokens"), in connection with the Giga Watt ICO, against Giga Watt, Cryptonomos Pte. Ltd. ("Cryptonomos"), and Dave Carlson ("Carlson") (collectively, "Defendants").

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant expended 5.05 Ethereum ("ETH") in the Giga Watt ICO to purchase 1,876 WTT Tokens and an additional 2.3207119

Bitcoin ("BTC") and 268.1 Litecoin ("LTC") to purchase 10 Antminer D3 Dash miners that Defendants also offered and sold in connection with the Giga Watt ICO,[1] and has suffered financial harm as a result of Defendants' alleged offer and sale of unregistered securities during the Class Period.  Moreover, Movant satisfies the requirements of Rule 23 ("Rule 23") of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2]  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. Additionally, Movant's selection of Levi & Korsinsky and Silver Miller as Co-Lead Counsel and Breskin Johnson & Townsend as Liaison Counsel for plaintiff and the proposed class should be approved by this Court.

### STATEMENT OF FACTS

Participants in the Giga Watt ICO were sold the opportunity to make a return on their investment by (1) earning income from utilizing Giga Watt's mining services which investors would be given the right to access through their purchase of WTT Tokens; (2) trading WTT Tokens on cryptocurrency/digital currency exchanges for a profit; or (3) renting out their WTT

---

[1] Movant's certification identifying his transactions during the Giga Watt ICO, as required by the PSLRA, is attached to the Townsend Decl. as Exhibit 1.

[2] The "Class" is comprised of all persons who invested or contributed in the Giga Watt ICO during the Class Period.

MOT. OF ALEX MCVICKER FOR APPT.
AS LEAD PLTF. AND APPROVAL OF
COUNSEL - 2
No. 18-cv-00103-SMJ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Tokens to other digital currency miners so as to receive rental income. Compl. ¶5.[3] In connection with the Giga Watt ICO, Defendants raised over $20 million in BTC, ETH, LTC, and fiat currencies by offering and selling unregistered securities. *Id*. ¶2. The core offer during the Giga Watt ICO was 1 WTT Token for $1.00–$1.20, payable in digital currencies or fiat currency. *Id*. ¶47. The Giga Watt ICO was a clear offer and sale of unregistered securities because, *inter alia*, Movant and other similarly situated investors: (i) invested money; (ii) into a common enterprise (the Giga Watt Project); and (iii) with the expectation of receiving WTT Tokens which would purportedly provide investors access to a functional and successful mining service, thereby allowing their WTT Tokens to increase in value and produce substantial returns. *Id*. ¶11.

The Action alleges that throughout the Class Period, Defendants violated the Securities Act by offering and selling unregistered securities during the Giga Watt ICO. Compl. ¶1. The Action requests compensatory, injunctive, and/or rescissory relief, providing rescission and repayment of all investments in the Giga Watt ICO. *Id*. ¶15.

---

[3] Citations to "Compl. ¶" are to paragraphs in the Class Action Complaint for Violation of Section 12(a)(1) and 15(a) of the Securities Act of 1933 (the "Complaint") filed in the Action, ECF No. 1. The facts set forth in the Complaint are incorporated herein by reference.

**ARGUMENT**

**I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

   **A.    The Procedure Required by the PSLRA**

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

   a)    has either filed the complaint or made a motion in response to a notice;

   b)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

   c)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect

the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the Defendants could raise against him.  Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### 1.      Movant Is Willing to Serve As Class Representative

On March 23, 2018, counsel in the Action caused a notice (the "Notice") to be published pursuant to the PSLRA, 15 U.S.C. § 77z-1(a)(3)(A), which announced that a securities class action had been filed against Defendants and which advised putative class members that they had until May 22, 2018, to file a motion to seek appointment as a lead plaintiff in the Action.[4]  Movant has reviewed the Complaint filed in the Action and has timely filed his motion pursuant to the Notice.  Moreover, Movant is willing and ready to serve as Class representative.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.      Movant Has the Requisite Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant with the largest financial loss in the relief sought by the action.  As demonstrated herein, Movant has, to his knowledge, the largest financial interest in the relief sought by the Class.  *See* Townsend Decl., Ex. 1.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *Booth v. Strategic Realty Trust,*

---

[4] The Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 2 to the Townsend Decl.

MOT. OF ALEX MCVICKER FOR APPT.
AS LEAD PLTF. AND APPROVAL OF
COUNSEL - 5
No. 18-cv-00103-SMJ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

*Inc.*, No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501, at *3–4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726–30).

Within the Class Period, Movant purchased unregistered securities from Defendants, and was injured thereby. Movant expended approximately 5.05 ETH to purchase 1,876 WTT Tokens in the Giga Watt ICO. *See* Townsend Decl., Ex. 1. As of May 22, 2018, WTT Tokens have been delisted from the majority of exchanges and has become thinly traded where it is listed. Accordingly, Movant's 1,876 WTT Tokens are essentially worthless. In contrast, as of May 21, 2018, Movant's 5.05 ETH was worth approximately $3,535. Given that Movant's WTT Tokens have little to no value, as of May 22, 2018, he has suffered a loss of approximately 5.05 ETH as a result of Defendants' alleged sale of unregistered securities. Movant thus has a significant financial interest in the outcome of this case. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**B.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typically and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998). As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### 1. Movant's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent Class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Schonfield v. Dendreon Corp.*, Nos. C07-800MJP; C07-869MJP; C07-870MJP; C07-898MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise") (citation omitted). Rule 23 does not require that the named plaintiff be identically situated with all Class members. It is enough if their situations share a common issue of law or fact. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th

Cir. 1998) ; *see also Weiss v. York Hosp.*, 745 F.2d 786, 808–09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, purchased WTT Tokens from Defendants during the Giga Watt ICO that were unregistered securities in violation of the federal securities laws. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Therefore, Movant's claims and injuries "stem from the same course of conduct" from which the other class members' claims and injuries arise. *Schonfield*, 2007 WL 2916533, at *4. Further, Movant is not subject to any unique or special defenses. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992).

### 2. Movant Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. *See* 15 U.S.C. § 77z-1(a)(3)(B); *see also Crawford v.*

MOT. OF ALEX MCVICKER FOR APPT.
AS LEAD PLTF. AND APPROVAL OF
COUNSEL - 8
No. 18-cv-00103-SMJ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

*Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted); *Schonfield*, 2007 WL 2916533, at *4.

Movant's interests are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between Movant and the other Class members, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and has submitted his choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B).

Based on the foregoing, Movant has shown that he will vigorously prosecute the Action on behalf of the Class. Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### 3. Movant's Choice of Counsel Should be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky and Silver Miller as the proposed Co-Lead Counsel and Breskin Johnson & Townsend as proposed Liaison Counsel in the Action. The attorneys with Levi & Korsinsky, Silver Miller, and Breskin Johnson & Townsend have extensive experience in prosecuting complex litigation, including securities class actions, and are well-qualified to represent the Class. *See* Townsend Decl., Exs. 3, 4, and 5 (the firm resumes of Levi & Korsinsky, Silver Miller, and Breskin Johnson & Townsend, respectively).

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action and (2) approve Levi & Korsinsky and Silver Miller as Co-Lead Counsel and Breskin Johnson & Townsend as Liaison Counsel for the Class.

//

//

//

//

//

//

//

//

//

//

//

//

MOT. OF ALEX MCVICKER FOR APPT.
AS LEAD PLTF. AND APPROVAL OF
COUNSEL - 10
No. 18-cv-00103-SMJ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

Dated: May 22, 2018.

**BRESKIN JOHNSON TOWNSEND, PLLC**

By: *s/Roger Townsend*
Roger Townsend, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: 206-652-8660
Fax: 206-652-8290
rtownsend@bjtlegal.com

**OF COUNSEL**

Donald J. Enright (to be admitted *pro hac vice*)
Email: denright@zlk.com
**LEVI & KORSINSKY, LLP**
1101 30th St., NW, Ste. 115
Washington, DC 20007
Telephone: (202) 524-4292
Facsimile: (202) 333-2121

**SILVER MILLER**
David C. Silver (to be admitted *pro hac vice*)
dsilver@silvermillerlaw.com
Jason S. Miller (to be admitted *pro hac vice*)
jmiller@silvermillerlaw.com
11780 W. Sample Road
Coral Springs, Florida, 33065
Telephone: (954) 516-6000

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on this date I filed the foregoing document with the Clerk of the Court using the court's ECF filing system which will automatically serve the filing on registered ECF users:

> Barry M. Kaplan
> bkaplan@wsgr.com
> Gregory L. Watts
> gwatts@wsgr.com
> Wilson Sonsini Goodrich & Rosati PC

DATED May 22, 2018, at Seattle, Washington.

                             *s/Leslie Boston*
                             Leslie Boston, Paralegal