FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GIGA WATT, INC.; GIGAWATT PTE LTD; CRYPTONOMOS PTE LTD; and DAVE CARLSON,<br><br>Defendants. | No. 2:18-CV-00103-SMJ<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND COUNSEL** |

Before the Court, without oral argument, is Movant Alex McVicker's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, ECF No. 13. For the reasons that follow, the Court grants the motion to appoint Movant as lead plaintiff and approves Movant's selection of Levi & Korsinsky and Silver Miller as Co-Lead Counsel and Breskin Johnson & Townsend as liaison counsel.

## BACKGROUND

This class action alleges violations of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, arising from Defendant Giga Watt's 2017 initial coin offering campaign. Giga Watt is a startup firm located in

ORDER - 1

Wenatchee, Washington, that hosts cryptocurrency mining facilities at sites throughout Central and Eastern Washington. Cryptocurrency is a form of digital or virtual currency that uses cryptography for security. Common cryptocurrencies include Bitcoin, Ether, and Litecoin. Like traditional forms of currency, cryptocurrency can be bought and sold on digital exchanges. However, a person can also obtain cryptocurrency through a process known as "mining." ECF No. 1 at 10. Put simply, an individual can mine cryptocurrency by using his or her computer to process and verify digital currency transactions. *Id.* After the computer processes a certain amount of information, the computer's owner earns some of the cryptocurrency. *Id.* at 11. This process requires powerful, specialized computer hardware, energy, and space to house the computers. *Id.* To accommodate this need, Giga Watt hosts a mining facility that houses and services computers used for mining cryptocurrency. *Id.* at 12–13. Giga Watt also sells specialized computer hardware used for mining. *Id.*

Giga Watt held an initial coin offering campaign that ran from May 19, 2017, through July 31, 2017. *Id.* at 14. Similar to an initial public offering, companies issue customized cryptocurrency tokens in exchange for other, established forms of cryptocurrency to raise capital. Participants in Giga Watt's initial coin offering could contribute Bitcoin, Ether (the token for Ethereum), or U.S. dollars in exchange for either: (1) cryptocurrency tokens issued by Giga

ORDER **-** 2

Watt, called "WTT," which represented the right to use Giga Watt's Bitcoin mining hardware rent-free for 50 years; or (2) Bitcoin mining equipment to be set up and deployed at Giga Watt's facility. Giga Watt valued the WTT tokens at approximately $1.00–$1.20, during the initial coin offering. *Id.* at 14–16.

Movant asserts that he expended 5.05 Ether in the Giga Watt initial coin offering to purchase 1,876 WTT. Movant further alleges that he spent an additional 2.3207119 Bitcoin and 268.1 Litecoin to purchase specialized computer hardware for mining offered by Giga Watt in connection with the initial coin offering. Movant alleges that, as of May 2018, Giga Watt's WTT tokens have been delisted from the majority of digital currency exchanges and have become thinly traded where listed. In contrast, the value of 5.05 Ether is approximately $3,535 during this same period. Because the Giga Watt tokens have little to no value, Movant asserts that he has suffered a loss of approximately $3,535.

## LEGAL STANDARD

The PSLRA, 15 U.S.C. § 78u-4(a), governs the requirements for appointing a lead plaintiff in securities litigation. The Act provides a three-step process for identifying the lead plaintiff. First, the plaintiff that filed the action must publicize the pendency of the action, the claims made, and the purported class period. 15 U.S.C. § 78u-4(a)(3)(A). The notice must also state that "any member of the

ORDER **-** 3

purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the district court must identify the "presumptively most adequate plaintiff." The act defines the presumptive lead plaintiff as the plaintiff who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(l). To determine whether the presumptive lead plaintiff meets the Rule 23 requirements, the Court looks to the presumptive lead plaintiff's complaint and sworn certification.

In the third step of the process, the court must give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). At this stage, the Court may evaluate evidence presented by competing plaintiffs that could challenge the presumptive lead plaintiff's ability to meet the adequacy and typicality requirements.

## DISCUSSION

**A.    Notice**

Notice was properly given pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(l). A press release was originally published on March 23, 2018, on Business Wire, a nationally-distributed business wire service, announcing the pendency of the action and

ORDER - 4

informing class members of their right to file a motion seeking appointment as lead plaintiff no later than 60 days from the notice date. ECF No. 14 at 9.

**B.    Appointment of Lead Plaintiff**

The PSLRA sets forth a rebuttable presumption that the "most adequate plaintiff," is the plaintiff who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(l).

The Complaint defines the class as "all individuals and entities who transferred to Giga Watt any fiat currency or digital currency to invest in the Giga Watt [initial coin offering]." ECF No. 1 at 9. During Giga Watt's initial coin offering, Movant expended approximately 5.05 ETH to purchase 1,876 WTT Tokens have been delisted from the majority of exchanges and has become thinly traded where it is listed. Movant alleges that the WTT Tokens are essentially worthless, while the 5.05 ETH was worth approximately $3,535. Movant is the only plaintiff moving for appointment, and is therefore the applicant with the greatest financial interest at stake.

Because Movant has the largest financial interest, the Court "must appoint that plaintiff as lead, unless it finds [that plaintiff] does not satisfy the typicality or adequacy requirements" of Fed. R. Civ. P. 23(a). *In re Cavanaugh*, 306 F.3d at 732. A plaintiff satisfies the typicality requirement when he has suffered the same

ORDER - 5

injuries as absent class members as a result of the same conduct by the defendants. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Here, Movant, like all other members of the putative class, purchased WTT tokens from Defendants during the Giga Watt initial coin offering. Movant suffered similar damages resulting from the tokens' deflated value. Moreover, it does not appear that Movant is subject to any unique or special defenses. Accordingly, based on the materials submitted by Movant to the Court, it appears that Movant satisfies the typicality requirement.

Rule 23(a)'s adequacy requirement is satisfied upon an acceptable showing that the class representative and its counsel do not "have any conflicts of interest with other class members" and that the class representative and its counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Court finds that Movant has made a sufficient showing of adequacy here. It appears that Movant's interests are aligned with those of the putative class such that Movant has sufficient interest in the case to ensure vigorous prosecution. Further, there is no evidence of antagonism between Movant and the other putative class members.

Because the Court finds that Movant is the plaintiff with the greatest financial interest in the litigation who also satisfies the requirements of Rule 23, Movant is the presumptive lead plaintiff. No other class members have come forward to

ORDER - 6

challenge Movant's application as lead plaintiff. Accordingly, the Court appoints Movant as the lead plaintiff.

**C.     Appointment of Lead Counsel**

Under the PSLRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice. *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 712 (9th Cir. 2009).

Movant has selected and retained Levi & Korsinsky and Silver Miller as the proposed Co-Lead Counsel and Breskin Johnson & Townsend as proposed liaison counsel. Breskin Johnson & Townsend submitted its firm resume along with the firm resumes of Silver Miller and Levi & Korsinsky. ECF No. 14 at 12–56. Each firm has considerable experience litigating securities class actions. Given the firms' substantial experience in the area of securities fraud class action lawsuits, the Court defers to Movant's choice of counsel.

Accordingly, **IT IS HEREBY ORDERED**:

**1.**     Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, **ECF No. 13**, is **GRANTED**.

ORDER **-** 7

1    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and
2    provide copies to all counsel.
3    **DATED** this 28th day of June 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER - 8