FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEX McVICKER, et al, <br><br> Plaintiffs, <br><br> v. <br><br> GIGA WATT, INC, et al, <br><br> Defendants. | No.   2:18-CV-00103-SMJ <br><br> NOTICE SETTING COURT'S SCHEDULING CONFERENCE |

DATE: **02/07/2019**    TIME: **8:30 A.M.**  CONFERENCE TYPE:

The Court will hold a telephonic Scheduling Conference at the above-noted date and time.  Counsel and pro se parties shall use the following information to access the call.

**PHONE NUMBER:     1-888-808-6929**
**ACCESS CODE:       3648461**
**SECURITY CODE:    0910**

**The use of mobile phones and/or speaker phones is not allowed as they are not compatible with the court's sound system.**

Rule 26(d)(1) prohibits a party from seeking discovery from any source before the parties have had their Rule 26(f) conference.  This discovery prohibition enables the parties to gather Rule 26(a)(1) initial disclosures in advance of the Rule 26(f) conference so that initial disclosures can be exchanged either before or shortly after the Scheduling Conference.

NOTICE SETTING COURT'S SCHEDULING CONFERENCE **-** 1

Accordingly, the Court orders the parties to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), and file a notice with the Court confirming their compliance with this requirement, **no later than 14 days before** the telephonic scheduling conference. In this case, that means **no later than January 24, 2019.**

In addition, to ensure that discovery and trial preparation advances efficiently, counsel and pro se parties shall discuss *each and every one* of the following subjects during the Rule 26(f) conference. Counsel and pro se parties must then file a combined report addressing each one of these subjects **not less than 14 days** before the Scheduling Conference:

    a.    whether the parties have notified the Clerk's Office if they consent to the case being heard by a full-time U.S. Magistrate Judge, *see* 28 U.S.C. § 636;

    b.    whether jurisdiction and venue exist and, if they do exist, the basis for each;

    c.    whether service of process is complete and, if not, a deadline for completion;

    d.    a brief description of the claims and defenses;

    e.    whether a statute's constitutionality is being challenged, *see* LR 24.1 (Fed. R. Civ. P. 5.1.);

    f.    whether the matter may be pursued as a class action, and if so, 1) a suggested motion-for-class-certification-filing deadline, and 2) what type of class action may be pursued, *see* LR 23.1 (Fed. R. Civ. P. 23.);

    g.    any issues that should be certified to a state supreme court;

    h.    suggested deadline for amending the pleadings;

    i.    suggested deadline for adding additional parties;

    j.    whether a non-government corporate party filed the necessary ownership statement, *see* Fed. R. Civ. P. 7.1;

NOTICE SETTING COURT'S SCHEDULING CONFERENCE - 2

k.  whether the case involves a minor or incompetent party and whether the appointment of a guardian ad litem is necessary, *see* LR 17.1;

l.  discovery:
- suggested deadline for initial disclosures, *see* Fed. R. Civ. Proc. 26(a)(1) if not already completed,
- subjects on which discovery may be needed,
- any issues about preserving discoverable information,
- claims of privilege or protection,
- proposed modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery,
- suggested expert disclosure deadlines,
- suggested discovery cut-off, and
- any anticipated Fed. R. Evid 502 agreements relating to inadvertent disclosures;

m.  proposed protective orders/confidentiality agreements **which shall be submitted as an attachment to the Rule 26(f) report**;

n.  anticipated motions and suggested dispositive motion filing deadline;

o.  trial:
- suggested trial date(s),
- length of trial (total days needed for all parties),
- bifurcation, and
- the need for special audio/visual courtroom technology;

p.  the Court will set a deadline for referral to the magistrate judge for mediation 90 days prior to the trial date. If the parties object to this date, indicate what barriers exist to productive mediation at this time. Alternatively, if the parties believe mediation may be useful at an earlier date, indicate a proposed mediation referral deadline.

q.  any other matters that may be conducive to the just, efficient, and economical determination of the action.

NOTICE SETTING COURT'S SCHEDULING CONFERENCE - 3

<u>In addition to filing the above-described combined report</u>, the parties shall also execute and return the enclosed "Consent to Magistrate Judge" form to the Clerk's Office **within fourteen days of this Notice**, either by a) indicating consent to proceed before a magistrate judge or b) indicating lack of consent on the form's second page.

Parties are expected to comply with the spirit of Rule 26 and seek to minimize the time and expense of discovery consistent with Rule 1's goals.

**Only an attorney who will be trying the case may participate in the telephonic scheduling conference.**

**Defense counsel shall make arrangements with the Correctional Center where Plaintiff is housed to ensure Plaintiff is able to call in for the hearing on a telephone that will permit him to have ready access to his legal paper.**

*Failure to 1) timely file the above-described combined report and/or 2) attend the Scheduling Conference will result in the imposition of **sanctions in the minimum amount of $100.00**, absent good cause shown in writing and filed with the Court.*

Dated: October 15, 2018

        SEAN F. McAVOY, DISTRICT COURT EXECUTIVE CLERK

        s/Debbie Brasel_____
        Deputy Clerk

All Counsel/Pro Se Parties
Attachment: Consent to Magistrate Judge form

NOTICE SETTING COURT'S SCHEDULING CONFERENCE **-** 4